_____

BUILDING TRADES UNITED PENSION TRUST FUND and
WILLIAM BONLENDER (in his capacity as Trustee),

        **Plaintiffs,**

    v.                           **Case No.**

CS MECHANICAL, LLC

        **Defendant.**

_____

## COMPLAINT

_____

**NOW COME** the Plaintiffs, by their attorneys, and as and for a cause of action against the Defendants, allege and show to the court the following:

### Jurisdictional and Venue

1.      Jurisdiction of this Court upon Defendant CS Mechanical, LLC ("CSM") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit, as well as untimely submission of, contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the plaintiff Building Trades United Pension Trust Fund ("Building Trades Pension Fund") is administered in offices located in Waukesha County, Wisconsin.

## Parties

3. Building Trades Pension Fund is an employee benefit plan within the meaning of §§ 3(2), (3), and (37), 502, and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3), and (37), 1132, and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff William Bonlender is a trustee and beneficiary of the Building Trades Pension Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action. Mr. Bonlender maintains an office at 17125 West Cleveland Ave., New Berlin, WI. 53151.

5. CSM is a domestic limited liability company organized under the laws of Wisconsin, engaged in business with principal offices located at N56W13535 Silver Spring Drive, Menomonee Falls, Wisconsin 53051. The company's registered agent for service of process is Calvin Schwabenlender, W8374 County Road SS, Adell, Wisconsin 53001.

## Facts

6. CSM is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

2

7. For all times relevant, CSM was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the Steamfitters Local 601 ("Union").

8. The Labor Agreements described herein contain provisions whereby CSM agreed to make contributions and payments to the Building Trades Pension Fund by the fifteenth day of the month after the one during which the work was performed.

9. By execution of said Labor Agreements, CSM adopted the trust agreements and amendments thereof; which establish and govern the Building Trades Pension Fund and are necessary for its administration, and designated as its representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreement, together with their successors selected in the manner provided in such trust agreement, and thereby ratifying all actions already taken or to be taken within the scope of their authority, such as but not limited to the adoption of policies relevant to this lawsuit, including but not limited to the Policy on Employer Accounts.

10. CSM has failed to remit to the Building Trades Pension Fund all contributions required by its collective bargaining agreements with the Union.

11. Even when CSM has remitted contributions to the Building Trades Pension Fund, it has often failed to do so by the fifteenth day of the month following the one during which the work was performed; so that, pursuant to the Policies on Employer Accounts that are binding upon CSM, it owes to the Building Trades Pension Fund interest of 1.5% per month and liquidated damages of 20% on all untimely remitted contributions.

3

12. Despite demands from the Plaintiffs' auditor, CSM has not complied with the auditor's request for certain books and records needed to complete an audit for the period July 1, 2024, to the present.

**<u>Claim Against CS Mechanical, LLC:</u>**
**<u>Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)</u>**

13. As and for their claim for relief against CSM, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 12 above and incorporate the same as though fully set forth herein word for word.

14. CSM has failed to remit to the Building Trades Pension Fund all contributions required by its collective bargaining agreement with the Union, in violation of 29 U.S.C. § 1145.

15. Therefore, on all contributions that remain unpaid from July 1, 2024 through the date of the filing of this Complaint, the Plaintiffs are entitled to recover from CSM all owed contributions; as well as their reasonable value attorneys' fees of collection, interest at 1.5% per month, and liquidated damages of 20% on all owed contributions pursuant to 29 U.S.C. § 1132(g), the Plaintiff Fund's policies on employer accounts, and applicable collective bargaining agreements.

**WHEREFORE**, the Building Trades Pension Fund demands the following relief:

1. Judgment on behalf of the and against CSM:

    A. For unpaid contributions, interest, and liquidated damages owed to the Building Trades Pension Fund for the period July 1, 2024 to the present;

    B. For unpaid contributions, interest, and liquidated damages owed to the Building Trades Pension Fund becoming due and/or arising after

4

the commencement of this lawsuit through the date of judgment; and

    C.    Reasonable attorney fees and the costs of this action.

2.    An order directing CS Mechanical LLC to fully submit to an audit of the company's books and records by the Pension Fund's auditor for the period July 1, 2024, to the present.

3.    The Court should retain jurisdiction pending compliance with its order.

4.    For such other, further, or different relief as the Court deems just and proper.

Dated this 12th day of May 2026.

s/Christopher Ahrens
Christopher J. Ahrens (SBN 1043237)
Alex J. Sterling (SBN: 1107931)
THE PREVIANT LAW FIRM, S.C.
Attorney for Plaintiffs
301 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI   53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com